IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-cr-40038-SMY |
| | ) |
| NEAL RAY WEEMS, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Defendant Neal Ray Weems was sentenced on May 2, 2023 to 120 months' imprisonment for Attempted Enticement of a Minor (Docs. 67, 69). Weems recently filed a *pro se* motion seeking a sentence reduction under Amendment 821 to the United States Sentencing Guidelines (Doc. 80). Pursuant to SDIL Administrative Order 362, Federal Public Defender G. Ethan Skaggs entered his appearance on Weems's behalf in order to determine his eligibility for a sentence reduction (Doc. 82). FPD Skaggs has now moved to withdraw, asserting that Weems is ineligible for a sentence reduction under Amendment 821 (Doc. 83). Weems objected and filed a motion to reinstate his arguments in support of a sentence reduction and to have them considered by this Court (Doc. 84).

Amendment 821 to the United States Sentencing Guidelines, related to criminal history, became effective on November 1, 2023. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new § 4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Amendment 821 is retroactive, but a court may not order the release of a

defendant prior to February 1, 2024.  *See* Amendment 825 to USSG § 1B1.10, effective November 1, 2023.

When considering a retroactive Guidelines amendment, the Court must first determine a defendant's eligibility for sentence modification and what amended guideline range would have been applicable to the defendant.  If a new sentence is authorized under those conditions, the Court, in its discretion, may determine whether a lower sentence within the amended Guidelines range is warranted upon consideration of the factors listed in 18 U.S.C. § 3553(a).  *Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

Section 4C1.1(a)(5) prohibits a sentence reduction if the defendant's offense of conviction is a sex offense.  Weems was convicted of Attempted Enticement of a Minor in violation of 18 U.S.C. § 2422(b) which is a "sex offense" as defined by § 4C1.1(b)(2).  Thus, Weems is ineligible for a sentence reduction under Amendment 821.

Accordingly, the motion to withdraw (Doc. 83) is **GRANTED**; the motion to reduce pursuant to Amendment 821 (Doc. 80) and motion to reinstate (Doc. 84) are **DENIED**.

**IT IS SO ORDERED.**

**DATED: April 22, 2024**

**STACI M. YANDLE**
**United States District Judge**